Allen, J.
delivered the opinion of the court as follows :
The court is of opinion, that according to the authority of Yerby v. Yerby, 3 Call 334. the subsequent birth of the child in this case was not a revocation of the will, and as the will was published, and the testator died, before the passage of the act of 1794 providing for the case of pretermitted children, this case does not fall within the operation of that statute. The court is further of opinion, that upon the true construction of the will there is nothing from which an intention can be gathered to provide for the children in classes. That the general intent of the testator was to give to each of his six children then living an equal proportion of the slaves, but that the time for enjoyment was postponed, as .to the two children by the second wifé, by giving them the third which should be allotted to the wife as her dower. That in this case the children in *581 existence at the date of the will precisely answered the description given, as to number and the mode in which the property was to be distributed amongst them, and that the expression of the will is equivalent to a description of the six children by name. That if the testator had survived the passage of the act of 1794, and died without altering his will, the pretermitted child would have had a clear right to call upon all of the devisees and legatees to contribute, and it would not have been in the power of the four children by the first marriage to repel such claim, upon the ground now set up, that the will bad made provision for her; and the fact of the testator’s dying before the said act was passed cannot change the construction of the will. The court is therefore of opinion that the decree is erroneous, and that the circuit court, instead of making such decree, ought to have dismissed the bill with costs;
Decree reversed and bill dismissed.